# Exhibit 3

NOT ORIGINAL
DOCUMENT
03/15/2024 10:53:20
AM
88910

| NO. | DAVIESS CIRCUIT COURT DIVISION _____ |
|---|---|

| **GRANGE MUTUAL CASUALTY COMPANY** | **PLAINTIFF** |
| aka Grange Insurance Company | |
| 671 South High Street | |
| Columbus, OH 43206 | |

*ELECTRONICALLY FILED*

| vs. | **COMPLAINT** |
|---|---|

| **FIVE STAR ROOFING SYSTEMS, INC.** | **DEFENDANT** |
| 1119 S. State Road 3 | |
| Hartford City, IN 47348 | |
| | |
|    Serve Registered Agent: | |
|    Mr. Chris Spegal | |
|    1119 S. State Road 3 | |
|    Hartford City, IN 47348 | |

| **CNA INSURANCE COMPANY** | **DEFENDANT** |
| d/b/a **NATIONAL FIRE INSURANCE COMPANY** | |
| **OF HARTFORD** | |
| 151 N. Franklin Street | |
| Chicago, IL 60606 | |
| | |
|    Serve Corporate Officer: | |
|    Mr. Dino Robusto, CEO | |
|    CNA Insurance Company | |
|    151 N. Franklin Street | |
|    Chicago, IL 60606 | |

* * * * * * * * *

Comes the Plaintiff, Grange Mutual Casualty Company, and submits this Complaint on behalf of its insured, Ankit Patel, against the Defendant, Five Star Roofing Systems, Inc., stating as follows:

## PARTIES, JURISDICTION AND VENUE

1. Grange Mutual Casualty Company, hereafter "Grange," is a corporation formed under the laws of the State of Ohio and conducts ongoing business within the Commonwealth of Kentucky.

2. Dharia Chocolates, LLC, hereafter "Dharia", is a corporation organized under the laws of the Commonwealth of Kentucky and is the holder of a commercial insurance policy with Grange at all times pertinent to this Complaint.

3. Mr. Anik Patel, hereafter "Mr. Patel" or "Patel", is the owner and organizer of Dharia Chocolates LLC, which owns and operates a Dairy Queen restaurant franchise located at 914 Paducah Road, Mayfield, KY 42066, hereafter, the "subject property".

4. Grange is the insurance carrier for a general liability policy of insurance held by Dharia.

5. Five Star Roofing Systems, Incorporated, hereafter "Five Star," is a corporation formed under the laws of the State of Indiana and its physical address is 1119 S. State Road 3, Hartford City, IN 47348. Jurisdiction is conferred upon the Commonwealth of Kentucky in that Five Star conducted business in the Commonwealth of Kentucky that is at the heart of the instant Complaint.

6. Five Star carried a general liability policy with National Fire Insurance Company of Hartford, hereafter "NFICH." The insurance contract between Five Star and NFICH confers jurisdiction upon the Commonwealth of Kentucky such that it provides benefits for another, namely, Five Star and its customers. NFICH is a member of the CNA group of insurance companies, and CNA Insurance corporate headquarters is located at 151 N. Franklin Street, Chicago, IL 60606.

Filed     Case 5:24-cv-00044-BJB-LLK   Document 1-4   Filed 03/18/24   Page 4 of 14 PageID #: 19
         24-CI-00204     02/20/2024          Jennifer Besecker, Daviess Circuit Clerk

NOT ORIGINAL DOCUMENT
03/15/2024 10:53:20 AM
88910

7. Jurisdiction and venue are proper in this Court since the amount in dispute is greater than five thousand dollars and Mayfield, Daviess County, Kentucky, is the location of the events at the heart of the dispute from which Plaintiff complains, and Five Star's insurance policy with CNA Insurance d/b/a NFICH confers insurance benefits for Five Star and its customers.

## STATEMENT OF FACTS

8. Plaintiff incorporates averments 1-7 herein by reference.

9. Five Star contracted with Mr. Patel to install a roof replacement for the subject property; work on the roof replacement began on or about September 13, 2021, and was completed on or about September 15, 2021.

10. In February of 2024, the installed roof was found to be leaking; Patel contacted Five Star who agreed to repair the leak.

11. On February 25, 2022, Mr. Shane Delph, an employee and agent of Five Star, was de-icing the roof of the subject property to inspect and attempt to locate the source of the leak.

12. While de-icing the roof, Mr. Delph failed to maintain vigilant observation and prevention of fire ("fire watch") following his use of a torch to de-ice the roof.

13. Because of his use of the torch and failure to maintain fire watch, a fire emerged subsequent to de-icing which significantly damaged the subject property's roof, HVAC system, interior ceiling and other property located within the interior of the subject property.

14. As a result of the fire, the Dairy Queen franchise occupying the subject property was forced to suspend its operations, thereby causing Mr. Patel and Dharia Chocolates, LLC to suffer significant economic loss.

15. Defendant Five Star is wholly responsible for the negligent actions of its agent, Mr. Delph, when he caused a fire that damaged Plaintiff's insured's property.

3

16. Plaintiff, Dharia Chocolate LLC's insurance carrier, has paid insurance benefits for damages and loss exceeding the jurisdictional threshold here.

17. Defendant Five Star has submitted a claim for coverage arising from its liability for the February 25, 2022 fire with NFICH.

18. On September 23, 2022, CNA on behalf of NFICH issued a denial of coverage letter to Five Star thereby denying claim benefits payable to Patel and/or Dharia Chocolates, LLC as a result of losses caused by NFICH's insured, Five Star, stating as follows:

> "This matter pertains to alleged property damage resulting from Five Star Roofing's non-certified technician performing repair work and using a torch to melt ice."

19. Upon information and belief, Mr. Delph, Five Stars' agent, was de-icing the roof and not performing "torch work," i.e. use of torch for installation or repair of a modified-bitumen roof, when he caused the fire to the subject property.

**Count I – Negligence**

20. Plaintiff incorporates averments 1-19 herein by reference.

21. Defendant Five Star, in performing services for Patel and Dharia, had a duty to perform their work with reasonable care and skill and a duty to prevent injury and loss to Dharia, especially when performance of its services involves activities that could potentially cause harm and/or damage to Dharia and its property.

22. On February 25, 2022, Defendant Five Star breached that duty by failing to take necessary precautions to prevent a fire and more so when its agent, Mr. Delph, actually caused the fire at the subject property.

23. Defendant Five Star's breach of duty is the proximate cause of damages sustained by Dharia. If not for Five Star's failure to take necessary precautions to prevent a fire and for the actual causation of the fire, the fire would not have occurred.

4

24. The fire caused damages to the roof, the HVAC system, and the contents of the building. Dharia suffered these damages and further suffered economic losses through no action of its own, and in fact, solely as a result of Defendant's breach of duty in an amount exceeding the jurisdictional threshold of this court.

25. Plaintiff, as Dharia' insurance carrier, paid insurance benefits to Dharia as a result of Defendant Five Star's negligent act which is the sole cause of Dharia's damages.

26. Plaintiff therefore seeks subrogation from Defendants of policy benefits paid to Dharia as a result of Defendant Five Star's negligence in an amount exceeding the jurisdictional threshold of this Court.

**Count II – KRS 304.12-230**

27. Plaintiff incorporates averments 1-26 herein by reference.

28. CNA, on behalf of NFICH, has denied claim coverage under Five Star's liability policy by concluding that coverage is excluded.

29. CNA alleges that Five Stars' agent that caused the fire was not certified perform "torch work." CNA further deems this an exclusion of coverage.

30. Despite the exclusion, the use of a torch to de-ice a roof not "torch work" and is in fact a prohibited use of the torch due its inherent risk of fire.

31. Upon information and belief, Mr. Delph was de-icing the subject property roof when he caused the fire and was not performing "torch work" i.e. use of torch for installation or repair of a modified-bitumen roof, when he caused the fire to the subject property.

32. An insurance company is not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

5

NOT ORIGINAL DOCUMENT
03/15/2024 10:53:20 AM
88910

33. An insurance company that denies a claim that is clearly covered under the terms of the policy without a reasonable basis is a bad faith denial of coverage. Such a denial could involve misinterpreting the policy language, applying arbitrary exclusions, or unjustly denying coverage based on flimsy evidence.

34. An insurance company that refuses to pay claims without conducting a reasonable investigation based upon all available information is also not acting in good faith.

35. Under Kentucky law, if a contract or a contract provision has a direct tendency to, and would if upheld and enforced, injuriously affect a material and substantial part of the public, it will be declared to be one against public policy and most generally unenforceable.

36. Defendant CNA's insured, Defendant Five Star, is clearly liable for the fire and for Dharia's damages and losses.

37. Upon information and belief, Defendant CNA has not conducted a reasonable investigation into details and circumstances of the fire and has excluded coverage under the policy through its liberal interpretation of "torch work" exclusion in Five Star's policy to exclude the use of a torch for de-icing, which is specifically prohibited due to its inherent risk of fire.

38. Upon information and belief, if a thorough investigation were undertaken, Five Star's negligence in failing to prevent and for causing the fire herein would not be excluded under the policy.

39. Alternatively, under the circumstances herein, CNA's reliance upon the expressed conclusion is prohibited by public policy, and the exclusion should be denied as unenforceable.

**WHEREFORE**, Plaintiff, Grange Insurance, demands judgment as follows:

1. Judgment against the Defendants in an amount to be determined at trial by jury;
2. Post-judgment interest in the amount of 6% per year;
3. Plaintiff's costs expended herein;

6

NOT ORIGINAL DOCUMENT
03/15/2024 10:53:20 AM
88910

4. Plaintiff's Reasonable attorneys' fees; and

5. All further and appropriate relief to which it may appear entitled.

7

Filed                    24-CI-00204      02/20/2024              Jennifer Besecker, Daviess Circuit Clerk

NOT ORIGINAL DOCUMENT
03/15/2024 10:53:20 AM
88910

Respectfully submitted,

/s/ Jonathan M. Hodge
JONATHAN M. HODGE
HODGE & SMITHER PLLC
320 Whittington Parkway, Suite 215
Louisville, Kentucky 40222
(502) 410.1570
Email:  jhodge@hsplawpartners.com
COUNSEL FOR PLAINTIFF

8

Presiding Judge: HON. JAY A. WETHINGTON (606289)

COM : 000008 of 000008

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **24-CI-00204**   NOT ORIGINAL<br>Court:   **CIRCUIT**<br>County: **DAVIESS**   03/15/2024 10:54:32<br>88910 |

Plantiff, **GRANGE MUTUAL CASUALTY COMPANY VS. FIVE STAR ROOFING SYSTEMS**, *Defendant*

TO: **CHRIS SPEGAL**
       **1119 S. STATE ROAD 3**
       **HARTFORD CITY, IN 47348**

Memo: Related party is FIVE STAR ROOFING SYSTEMS, INC.

The Commonwealth of Kentucky to Defendant:
**FIVE STAR ROOFING SYSTEMS, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Jennifer Hardesty Besecker*

Daviess Circuit Clerk
Date: **2/20/2024**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. JAY A. WETHINGTON (606289)

Summons ID: @00000290961
CIRCUIT: 24-CI-00204 Certified Mail
GRANGE MUTUAL CASUALTY COMPANY VS. FIVE STAR ROOFING SYSTEMS



Page 1 of 1

CI : 000001 of 000001

eFiled

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **24-CI-00204**  NOT ORIGINAL<br>Court: **CIRCUIT**<br>County: **DAVIESS**  03/15/2024 10:55:10<br>88910 |

*Plantiff,* **GRANGE MUTUAL CASUALTY COMPANY VS. FIVE STAR ROOFING SYSTEMS**, *Defendant*

TO:   **DINO ROBUSTO**
      **CEO/PRESIDENT CNA INSURANCE COMPANY**
      **151 N. FRANKLIN STREET**
      **CHICAGO, IL 60606**

Memo: Related party is CNA INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**CNA INSURANCE COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Jennifer Hardesty Besecker*
Daviess Circuit Clerk
Date: **2/20/2024**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____      _____
                                         Served By

                                         _____
                                         Title

Summons ID: @00000290962
CIRCUIT: 24-CI-00204 Certified Mail
GRANGE MUTUAL CASUALTY COMPANY VS. FIVE STAR ROOFING SYSTEMS

Presiding Judge: HON. JAY A. WETHINGTON (606289)
CI : 000001 of 000001



Page 1 of 1

eFiled



**Commonwealth of Kentucky**
**Jennifer Besecker, Daviess Circuit Clerk**

NOT ORIGINAL DOCUMENT
03/15/2024 10:55:44 AM
88910

| Case #: **24-CI-00204** | Envelope #: **7374506** |
|---|---|
| Received From: **JONATHAN HODGE** | Account Of: **JONATHAN HODGE** |
| Case Title: **GRANGE MUTUAL CASUALTY COMPANY VS. FIVE STAR ROOFING SYSTEMS** | Confirmation Number: **176721192** |
| Filed On **2/20/2024  10:02:51AM** | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $32.36 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Library Fee | $3.00 |
| 7 | Civil Filing Fee | $150.00 |
| 8 | Charges For Services(Copy - Photocopy) | $2.00 |
| 9 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | **$327.36** |

Generated: 2/20/2024                                                                                                           Page 1 of 1



Date Produced: 03/13/2024

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8349 6961 84. Our records indicate that this item was delivered on 02/26/2024 at 07:47 a.m. in CHICAGO, IL 60606. The scanned image of the recipient information is provided below.

Signature of Recipient :
(Authorized Agent)

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

```
ROBUSTO, DINO
CEO/PRESIDENT CNA INSURANCE COMPANY
151 N. FRANKLIN STREET
CHICAGO IL 60606
```

Customer Reference Number:    C4814572.28921516

COR : 000001 of 000002

USPS MAIL PIECE TRACKING NUMBER:   420606069236090194038349696184
MAILING DATE:         02/20/2024
DELIVERED DATE:   03/13/2024
Custom 1: DriverId-7374506
Custom 2: PartyId-49784049
Custom 3: SummonsNum-@00000290962
Custom 4: CentralMailId-139266
Custom 5: Source County-DAVIESS

NOT ORIGINAL
03/15/2024 10:56:09
88910

MAIL PIECE DELIVERY INFORMATION:

ROBUSTO, DINO
CEO/PRESIDENT CNA INSURANCE COMPANY
151 N. FRANKLIN STREET
CHICAGO IL 60606

MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 02/20/2024 15:30 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 02/20/2024 16:49 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 02/20/2024 22:26 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 02/20/2024 23:41 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 02/22/2024 04:20 | PROCESSED THROUGH USPS FACILITY | CHICAGO IL DISTRIBUTION CENTER 60607 |
| 02/23/2024 00:48 | PROCESSED THROUGH USPS FACILITY | CHICAGO IL DISTRIBUTION CENTER 60607 |
| 02/23/2024 11:03 | ARRIVAL AT UNIT | CHICAGO,IL 60699 |
| 02/24/2024 06:10 | OUT FOR DELIVERY | CHICAGO,IL 60606 |
| 02/25/2024 00:10 | AWAITING DELIVERY SCAN | CHICAGO,IL 60606 |
| 02/26/2024 07:47 | DELIVERED TO AGENT FOR FINAL DELIVERY | CHICAGO,IL 60606 |
| 03/13/2024 11:21 | DELIVERED (system added) | |