**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**Case No. 5:24-cv-00044-BJB-LLK**

| | |
|---|---|
| **GRANGE MUTUAL CASUALTY COMPANY,** | **PLAINTIFF,** |
| v. | |
| **FIVE STAR ROOFING SYSTEMS, INC.** *et al*, | **DEFENDANTS,** |

## ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. Text Order of May 9, 2024 [DN 12]. Before the Court are Michael T. Davis's Motion to Withdraw as counsel of record for Defendant Five Star Roofing Systems, Inc., [DN 44], and Plaintiff Grange Mutual Casualty Company's Motion to Supplement, [DN 37]. No responses have been filed, and the time to respond has expired. For the following reasons, the Motions, [DNs 37 & 44], are **HEREBY GRANTED**.

Pursuant to Local Rule 83.6(a), which pertains to the proper procedure for withdrawing as attorney of record by motion, Mr. Davis provided his client with notice of his intent to withdraw on September 26 and October 7, Motion to Withdraw at 2, served the motion on his client on October 17, *id.* at 4, and included his client's current email address, mailing address, and telephone number, *id.* Citing to Kentucky Rule of Professional Conduct SCR 3.130(1.16)(b), which pertains to counsel's duty towards his client in terminating representation, Mr. Davis alludes to a fundamental disagreement with his client and his client's failure to fulfil obligations to his counsel. Having reviewed the Motion to Withdraw, and good cause being shown, the Court **GRANTS** Michael T. Davis's Motion to Withdraw, [DN 44].

A corporation must be represented by counsel and cannot proceed *pro se*. *See U.S. S.E.C. v. Merklinger*, 489 F. App'x 937, 939 (6th Cir. 2012); *Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 24-5511, 2024 WL 3912833, at *1 (6th Cir. Aug. 2, 2024). Accordingly, **IT IS FURTHER ORDERED** that Defendant shall have forty-five (45) days from the entry of this order to secure new counsel. Failure to comply with this order may result in default or other appropriate sanctions.

Having determined that the Motion to Supplement was timely filed in conjunction with the Motion for Sanctions, and that Defendant has had sufficient opportunity to respond, the Court **GRANTS** the Motion to Supplement, [DN 37], and has considered the Deposition Transcript of Shane Delph, [DN 37-1], in its recommendation on the Motion for Sanctions, [DN 36].

December 4, 2025

Lanny King, Magistrate Judge
United States District Court