UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

GRANGE MUTUAL CASUALTY COMPANY                                    PLAINTIFF

v.                                                        No. 5:24-cv-44-BJB

FIVE STAR ROOFING SYSTEMS                                         DEFENDANT

### ORDER ADOPTING REPORT AND RECOMMENDATION

Grange Mutual Casualty Company sued Five Star Roofing Systems and CNA Insurance Company in state court, alleging that a Five Star employee had negligently started a fire while trying to de-ice the roof of a Dairy Queen insured by Grange. Complaint (DN 1-4). CNA removed the case to federal court, DN 1, both CNA and Five Star answered, DNs 7 & 8, and the case proceeded to discovery in May 2024, DN 14.

Five Star's answer conceded that Shane Delph, who allegedly set the fire, was "Five Star's employee." DN 8, ¶ 5. And Five Star reiterated as much in its verified discovery responses. DN 36-3 at 22. But in August 2025, Five Star's lawyer asserted for the first time, in an email to Plaintiff's counsel, that Delph might have been an independent contractor rather than its employee. DN 36-7 at 2. To support this late-breaking assertion, Five Star cited a W-2 from 2024—two years after the incident—showing that Delph worked for a company called Flex Star Roof Coatings. *Id.*

Grange immediately moved for sanctions under Rule 37 of the Federal Rules of Civil Procedure. DN 36. That rule provides that a party who "fails to provide information or identify a witness as required" under the Federal Rules may not "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Absent a finding of justification or harmlessness, the sanction is mandatory. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citation omitted).

The Court referred Grange's motion for sanctions to Magistrate Judge King, whose report recommended that the Court hold Five Star to its initial admission that Delph is its employee and prohibit Five Star from introducing evidence that would defend against Grange's claim on the ground that Delph was an independent contractor. DN 45 at 5–6. Judge King declined, however, to recommend that the Court impose any monetary sanctions, as Grange had also requested. *Id.* at 5. No party has objected to the Report and Recommendation, so the law allows the Court to adopt it without review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has reviewed and finds no error in Judge King's conclusions.

As his report explained, Five Star's belated assertion that Delph might be an independent contractor "inject[ed] a new theory or defense that [Plaintiff] must unexpectedly prepare to address," which means that it was not "harmless" under Rule 37. Report and Recommendation at 4 (quoting *SRVR, LLC v. Neidoni*, No. 3:18-cv-050, 2022 WL 20766004, at *2 (W.D. Ky. Jan. 25, 2022)). And Five Star had already admitted in its pleadings and in its discovery answers that Delph was its employee—admissions that are "generally binding on the parties and the Court." *Brown v. Tennessee Gas Pipeline Co.*, 623 F.2d 450, 454 (6th Cir. 1980).

Accordingly, the Court adopts the Report and Recommendation, incorporates it by reference as part of this order, and rules that Five Star may not introduce evidence contradicting its prior admissions that Delph acted as its employee. *See* FED. R. CIV. P. 37(b)(2)(A)(i) (permitting a court to direct that certain matters "be taken as established for purposes of the action, as the prevailing party claims"); *see also* FED. R. CIV. P. 37(c)(1)(C) (permitting courts to impose sanctions listed under Rule 37(b)(2) for failing to disclose or supplement discovery responses).

The parties have also filed a joint status report (DN 50), which indicates an interest in mediating this case with Magistrate Judge Lindsay. The Court agrees, and (once new defense counsel becomes familiar with the case) orders the parties to contact Judge Lindsay's chambers and file a joint status report within 30 days proposing a mediation timeline or any other appropriate next steps in this litigation.